STEVEN BRIGATI, PAUL DESOYE,
THOMAS MAYRIDES, DENNIS PAYNE,
T. MICHAEL PAYNE, W.O. PEARCE,
AND GARY SCARAFONI, on behalf of
themselves and all others similarly situated,

CASE NO. _____

        Plaintiffs,

v.

HFM, INC. AND WORCESTER
POLYTECHNIC INSTITUTE,

        Defendants.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d) and 1441, as amended in relevant part by the Class Action

Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453, Defendants HFM, Inc. ("HFM")

and Worcester Polytechnic Institute ("WPI") (collectively, the "Defendants") hereby remove the

above-captioned action, which is currently pending in the Circuit Court for the Nineteenth Judicial

Circuit in and for St. Lucie County, Florida, Case No. 2020CA000825, to the United States District

Court for the Southern District of Florida (Fort Pierce Division). As grounds for removal, Defendants

state as follows:

## BACKGROUND

1.      On May 29, 2020, Plaintiffs Steven Brigati, Paul DeSoye, Thomas Mayrides, Dennis

Payne, T. Michael Payne, W.O. Pearce, and Gary Scarafoni (collectively, the "Plaintiffs") filed a putative

Class Action Complaint for Declaratory, Supplemental and Injunctive Relief and Damages

("Complaint") against Defendants in the Circuit Court for the Nineteenth Judicial Circuit in and for St.

Lucie County, Florida (the "State Court Action"). The State Court Action was assigned Civil Action No. 2020CA000825.

2.      Counsel for the Defendants were served with the Summons and Complaint on June 15, 2020, and accepted service that day.

3.      The case was brought by seven equity members of the Legacy Golf and Tennis Club ("Legacy Club"), on behalf of themselves and others similarly situated, against WPI, a university located in Massachusetts, and HFM, a Florida corporation. Compl. ¶¶ 4-12.

4.      Among other things, Plaintiffs allege that WPI and HFM acquired the Legacy Club pursuant to the Plan of Offering and By-laws of the Club, which includes a provision requiring the transfer of ownership and control of the Legacy Club once a certain number of golf and tennis equity memberships have been sold. *Id.* ¶¶14-16. Plaintiffs allege that WPI and HFM acted contrary to the Plan of Offering by failing to transfer control of the Legacy Club to the equity members, and by failing to offer tennis memberships, such that the requisite number of memberships required for the transfer of the Legacy Club could not occur. *Id.* ¶¶ 33-37.

5.      Plaintiffs further allege that, contrary to the terms of the Plan of Offering, WPI and HFM have attempted to sell the Legacy Club to various third parties, as well as accepted payments from the Legacy Club. *Id.* ¶¶ 24-32, 41.

6.      As a result, Plaintiffs, on behalf of themselves and those similarly situated, seek a judgment declaring that: (i) the Plan of Offering prohibits the Legacy Club from paying income to WPI; (ii) any agreement requiring the Legacy Club to pay WPI is ultra vires and void; (iii) the Plan of Offering prohibits WPI from selling the Legacy Club; and (iv) WPI is obligated to return to the Legacy Club any money it has received from the Club, plus interest.

7.      Plaintiffs also seek a permanent injunction preventing WPI from selling the Legacy Club to a third party and requiring WPI to turn over control of the Club to the equity members.

## REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1332(d) AND 1453
## (CAFA JURISDICTION)

8.      This Court has original jurisdiction under 28 U.S.C. §§ 1332(d) and 1453 on the basis of

CAFA jurisdiction because (1) the citizenship of at least one putative class member is different from that

of WPI (a Massachusetts university), (2) the putative class consists of more than 100 proposed class

members, and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

interest and costs." *See* 28 U.S.C. §§ 1332(d)(2), (d)(2)(A) and (d)(5)(B).[1]

9.      Citizenship of the Parties (28 U.S.C. § 1332(d)(2)(A)).  Diversity of citizenship exists

because each of the named Plaintiffs is a citizen of Florida, while WPI is a citizen of Massachusetts.

10.     As the Complaint alleges, each named Plaintiff "owns a home in the master planned

community known as the Reserve … in Port St. Lucie, St. Lucie County, Florida." Compl. ¶¶ 4-10.  *See*

*also Moore v. N. Am. Sports, Inc.*, 2008 WL 5157502, at *1 (N.D. Fla. Dec. 9, 2008) (noting that a

party's "place of residence is prima facie the domicile").

11.     WPI is a citizen of Massachusetts because it is a "nonprofit corporation, organized and

existing under the laws of the Commonwealth of Massachusetts." Compl. ¶ 12.  *See also Bel-Bel Int'l*

*Corp. v. Community Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998) ("[A] corporation is a

citizen of any State by which it has been incorporated and of the State where it has its principal place of

business.") (internal quotations and citations omitted); *Oduok v. St. Leo Univ.*, 2009 WL 10672146, at

*3 (N.D. Ga. Feb. 9, 2009) (applying the same test to determine the citizenship of a university

Defendant).

12.     Accordingly, CAFA's diversity requirement is satisfied because members of the putative

class, including the named Plaintiffs, and WPI are citizens of different states.  28 U.S.C. § 1332(d)(2)(A).

---

[1] *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that
removal requirements need only be plausibly alleged).

13. <u>Putative Class Size (28 U.S.C. § 1332(d)(5)(B))</u>. Removal is proper under 28 U.S.C. § 1332(d)(5)(B) because the number of members of the proposed class exceeds 100.

14. Plaintiffs' proposed class is defined as "[a]ll persons or entities, which purchased an equity membership in the Legacy Club, formerly known as The Reserve Club, since September 1, 1996." Compl. ¶ 45. Plaintiffs themselves allege that "[t]he approximate number of members in the Class is 350." *Id.* ¶ 49.

15. Accordingly, CAFA's numerosity requirement is satisfied.

16. <u>Amount in Controversy (28 U.S.C. § 1332(d)(2))</u>. While Defendants deny that Plaintiffs are entitled to recover any amount, and specifically deny that certification of any class is proper, the amount in controversy, exclusive of interest and costs, exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

17. Plaintiffs seek a judgment that WPI is required to return any money received from the Legacy Club, which they quantify as "$300,000 per year, beginning in 2016," totaling "at least $900,000 since March 2016." Compl. ¶¶ 24-25.

18. Plaintiffs also seek declaratory and injunctive relief requiring WPI "to turn the Legacy Club over to Plaintiffs and the Class members in accord with the Plan of Offering." *Id.* at Count II. The Club is valued at over $6 million.[2]

19. The value of the Legacy Club, in addition to the $900,000 of alleged payments to WPI, brings the total amount in controversy to well in excess of $5,000,000.

---

[2] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977), superseded by statute on other grounds; *see also Monpoint v. Specialized Loan Servicing*, 2015 WL 12844284, at *2 (M.D. Fla. Mar. 25, 2015) (noting that for injunctive and declaratory relief "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective" and that in cases where "the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (internal quotations omitted).

20.     No Exceptions to CAFA Jurisdiction Exist.  Although Defendants deny that they bear the burden of showing that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(3), (4), (5), and (9) are inapplicable, none apply.

*First*, the exceptions in 28 U.S.C. § 1332(d)(4) do not apply because WPI, the "primary defendant" "from whom significant relief is sought," is not a citizen of the state in which the action was originally filed.  Although the Complaint seeks a declaratory judgment declaring four separate points, each of these requests are directed exclusively to WPI.  Compl. at Count I.  Moreover, the Complaint similarly seeks injunctive relief solely against WPI.  *Id.* at Count II.

*Second*, the exception in 28 U.S.C. § 1332(d)(5)(A) does not apply because Defendants are not a State, State official, or other governmental body.

*Third*, the exception in 28 U.S.C. § 1332(d)(5)(B) does not apply because, as previously indicated, the number of putative class members is greater than 100.

*Finally*, the exception in 28 U.S.C. § 1332(d)(9) does not apply because this case does not involve a claim under the securities laws and does not "relate[] to the internal affairs or governance of a corporation or other form of business enterprise" or "arise[] under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized."  28 U.S.C. § 1332(d)(9).

21.     Jurisdiction is Mandatory.  Jurisdiction is mandatory, not discretionary, under CAFA because, as noted, WPI, the "primary defendant," is not a citizen of the state in which the action was originally filed.

## PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

22.     Removal is Timely.  This removal is timely under 28 U.S.C. § 1446(b)(1) because Defendants removed the State Court Action within 30 days of service of the Complaint on Defendants.  *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in a court and is not required to be served on the defendant, whichever period is shorter."). Defendants were served the Complaint on June 15, 2020.

23.     <u>Removal to Proper Court</u>.  Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446(a), this Notice of Removal is being filed in the United States District Court for the Southern District of Florida (Fort Pierce Division), which is the "district court" embracing the place where the State Court Action was filed.

24.     <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, in compliance with 28 U.S.C. § 1446(a).

25.     <u>Pleadings and Process</u>.  Copies of all process, pleadings and orders served upon Defendants in the State Court Action are attached hereto as <u>Exhibit A</u>, in compliance with 28 U.S.C. § 1446(a).

26.     <u>Notice of Filing of Notice of Removal</u>.  Attached hereto as <u>Exhibit B</u> is a copy of the Notice of Filing of Notice of Removal, without exhibits, which will be promptly filed with the Clerk of the Circuit Court for the Nineteenth Judicial Circuit in and for St. Lucie County, Florida.

27.     <u>Notice of Removal to All Adverse Parties</u>.  Attached hereto as <u>Exhibit C</u> is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiffs' counsel.  *See* 28 U.S.C. § 1446(d).

28.     <u>Bond and Verification</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

## **CONCLUSION**

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d), and 1453, and the State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446.

In filing this Notice of Removal, Defendants reserve the right to a jury trial and any and all defenses, objections, and exceptions, and nothing in this Notice of Removal shall be interpreted or construed as a waiver or relinquishment of its right to assert any defenses or counterclaims including, without limitation, insufficiency of process or service of process, jurisdiction, improper joinder or misjoinder of claims and/or parties, failure to join a necessary party, failure to state a claim, the viability of class certification, and any other procedural or substantive defense available to Defendants. Defendants further reserve the right to amend or supplement this Notice of Removal.

Date: June 24, 2020

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/Noel R. Boeke*
Noel R. Boeke (Florida Bar # 151830)
Charles Wachter (Florida Bar # 509418)
noel.boeke@hklaw.com
charles.wachter@hklaw.com
100 North Tampa Street, Suite 4100
Tampa, Florida 33602
(813) 227-8500 Telephone | (813) 229-0134 Facsimile


*/s/ Jennifer L. Chunias*
Jennifer L. Chunias (*pro hac vice* pending)
Courtney L. Hayden (*pro hac vice* pending)
Goodwin Procter LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: +1 617 570 1000
Fax.: +1 617 523 1231
JChunias@goodwinlaw.com
CHayden@goodwinlaw.com

*Attorneys for the Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on June 24, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system.  I further certify that a copy of the Notice of Removal and exhibits were emailed to:

Elaine Johnson James
P.O. Box 31512
Palm Beach Gardens, FL 33420
ejames@elainejohnsonjames.com


*/s/Noel R. Boeke*
Noel R. Boeke