UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**Case Number: 20-14208-CIV-MARTINEZ-MAYNARD**

STEVEN BRIGATI, *et al.*,

      Plaintiffs,

vs.

HFM, INC., *et al.*,

      Defendants.

_____/

## **OMNIBUS ORDER**

      **THIS CAUSE** came before the Court upon Plaintiffs' Motion to Amend Scheduling Order[1] ("Motion to Amend"), (ECF No. 45), Defendant's Motion to Strike Second Amended Complaint and for Attorney's Fees and Costs ("Motion to Strike"), (ECF No. 50), and Plaintiffs' Unopposed Motion to Drop Parties ("Motion to Drop Parties"), (ECF No. 56).  After careful consideration, the Court finds that the Motion to Amend is **GRANTED in part**, the Motion to Strike is **DENIED as moot**, and the Motion to Drop Parties is **GRANTED**.

## I.    **MOTION TO AMEND AND MOTION TO STRIKE**

      On January 19, 2021, Plaintiffs moved to extend the briefing schedule for the response to its Second Amended Complaint and its Motion for Class Certification.  (Mot. to Amend ¶ 11).  The Court ordered Defendants to file a response to Plaintiffs' Motion to Amend no later than January 25, 2021.  (ECF No. 46).  Pursuant to this Court's Order Granting Motion for Leave to Amend Complaint, Plaintiffs were ordered to refile their Second Amended Class Action Complaint

---

[1] The Court notes that Plaintiffs mischaracterize this motion as a Motion to Amend the Court's Scheduling Order, but it instead seeks extensions of deadlines to file responses to the Second Amended Complaint and Motion for Class Certification.  (*See* Motion to Amend ¶ 11).

as a separate docket entry on or before January 22, 2021.  On that date, Plaintiffs filed a Second

Amended Complaint; however, this version was substantially different than the one the Court

authorized in its order.  (*See generally* ECF No. 47).  Since then, Plaintiffs have withdrawn this

first Second Amended Complaint and refiled the Second Amended Complaint that was approved

by the Court.  (*See* ECF No. 52).  That said, before Plaintiffs refiled the correct Second Amended

Complaint, Defendants responded to Plaintiffs' Motion to Amend opposing the motion and

simultaneously moving to strike the first Second Amended Complaint and seeking attorney's fees

and costs associated with the filing of their motion.  (*See* ECF No. 50).  Because Plaintiffs already

filed the Second Amended Complaint that was approved by the Court, Defendants' Motion to

Strike is denied as moot and their request for attorney's fees and costs is denied.

In support of its Motion to Amend, Plaintiffs state that the amended deadlines are sought

"[t]o permit Plaintiffs to file their Second Amended Complaint before being deposed and permit

Defendants to depose named Plaintiffs prior to filing Defendants' opposition to Plaintiffs' Motion

to Certify Class[.]"  (Motion to Amend ¶ 11).  Defendants oppose the relief sought by Plaintiffs,

primarily because, at the time their opposition was filed, Plaintiffs had not yet withdrawn their first

Second Amended Complaint.  Defendants argued that they would be required to propound new

discovery related to the Second Amended Complaint that was filed at the time because it

substantially differed from the one approved by the Court.  This no longer holds true given that

Plaintiffs withdrew the first Second Amended Complaint and filed the Court-approved version on

the same day that Defendants filed their response in opposition.  Accordingly, the Court will grant

Plaintiffs' Motion to Amend in part as outlined below in Section III.

## II.     MOTION TO DROP PARTIES

Plaintiffs move to drop the following three named plaintiffs pursuant to Federal Rule of

Civil Procedure 21: Paul DeSoya, W.O. Pearce, and Gary Scarafoni.  Defendants do not oppose

this motion.  Rule 21 provides that "the court may at any time, on just terms, add or drop a party."

It is within the Court's sound discretion "to determine whether to allow dropping of parties." *Fritz*

*v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985).  Because discovery in this case

is still ongoing, pleadings have not closed, depositions of the parties, including named Plaintiffs,

have not been taken, and Defendants do not oppose this relief, the Court finds that dropping these

plaintiffs is proper.

### III.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1.    Plaintiffs' Motion to Amend Scheduling Order (ECF No. 45) is **GRANTED in**

**part** as stated herein.  Defendants shall have through and including **February 26, 2021** to respond

to Plaintiffs' Second Amended Complaint (ECF No. 52) and Plaintiffs' Motion for Class

Certification (ECF No. 48).  Replies may be filed on the deadlines prescribed by the Local Rules.

2.    Defendant's Motion to Strike Second Amended Complaint (ECF No. 50) is

**DENIED as moot** and Defendant's request for attorney's fees and costs is **DENIED**.

3.    Plaintiffs' Unopposed Motion to Drop Parties (ECF No. 56) is **GRANTED**.  Paul

DeSoya, W.O. Pearce, and Gary Scarafoni are hereby dropped as named plaintiffs in the instant

proceedings.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of February, 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All Counsel of Record